```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
    ─────────────────────────────────────
```

| | |
|---|---|
| JOSEPH J GORMLEY, III, | 1:17-cv-07874-NLH-AMD |
| Plaintiff, | **OPINION** |
| v. | |
| SUSAN CANNAVO GORMLEY, MICHAEL A. WEINBERG ESQ., AMY C. GOLDSTEIN ESQ., DR. GREGORY W. JOSEPH, DR. MIRIAM HORN, FRANK CANNAVO, CAROLYN CANNAVO, MONICA SHORE, HON. KENNETH S. DOMZALSKI, | |
| Defendants. | |

─────────────────────────────────────

**APPEARANCES**:

JOSEPH J GORMLEY, III
11 O'ROURKE DRIVE
ROBBINSVILLE, NJ 08691
    Appearing pro se

GARY M. MAREK
LAW OFFICES OF GARY M. MAREK
7008 NORMANDY DRIVE
MOUNT LAUREL, NJ 08054

GIACOMO FRANCESCO GATTUSO
SWEENEY & SHEEHAN
216 HADDON AVENUE, SUITE 500
WESTMONT, NJ 08108
    On behalf of Defendants Susan Cannavo Gormley, Frank
    Cannavo, and Carolyn Cannavo

ELLIS I. MEDOWAY
KERRI E. CHEWNING
ARCHER & GREINER, PC
ONE CENTENNIAL SQUARE
HADDONFIELD, NJ 08033
    On behalf of Defendant Michael A. Weinberg, Esq.

MATTHEW NICHOLAS FIOROVANTI
GIORDANO HALLERAN & CIESLA PC
125 HALF MILE, SUITE 300
RED BANK, NJ 07701
    On behalf of Defendant Amy C. Goldstein, Esq.

JOHN L. SLIMM
MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN, PC
15000 MIDLANTIC DRIVE, SUITE 200
P.O. BOX 5429
MT. LAUREL, NJ 08054
    On behalf of Defendant Dr. Gregory W. Joseph

THOMAS M. WALSH
PARKER, MCCAY, PA
9000 MIDLANTIC DRIVE
SUITE 300
PO BOX 5054
MOUNT LAUREL, NJ 08054
    On behalf of Defendant Dr. Miriam Horn

MELISSA J. KANBAYASHI
MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, PC
CHERRY TREE CORPORATE CENTER
535 RT. 38 EAST
SUITE 501
CHERRY HILL, NJ 08002
    On behalf of Defendant Monica Shore

MELIHA ARNAUTOVIC
OFFICE OF THE ATTORNEY GENERAL OF NJ
25 MARKET ST, 7TH FL, WEST WING
PO BOX 116
TRENTON, NJ 08625
    On behalf of Defendant Hon. Kenneth S. Domzalski

**HILLMAN, District Judge**

This matter concerns claims by pro se Plaintiff, Joseph J. Gormley, III, arising out of a pending state court divorce and child custody proceeding. Each of the nine defendants has moved to dismiss Plaintiff's complaint. For the reasons expressed

below, Defendants' motions will be granted.

## BACKGROUND

The "Introduction" section of Plaintiff's complaint summarizes the content of his 84-paragraph complaint, which he lodges against his spouse and her parents, his spouse's former and current counsel, three licensed therapists, and a state court judge, all of whom are involved in a divorce and custody case currently pending in state court.

> 1. In this action, Plaintiff JOSEPH J. GORMLEY, III seeks damages from Defendants SUSAN CANNAVO GORMLEY; MICHAEL A. WEINBERG, ESQ.; AMY C. GOLDSTEIN, ESQ.; DR. GREGORY W. JOSEPH; DR. MIRIAM HORN; FRANK CANNAVO; CAROLYN CANNAVO; MONICA SHORE; HON. KENNETH S. DOMZALSKI JOHN and JANE DOES 1-100.
>
> 2. Defendants have acted in a callous and malicious manner with the intent to prevent the Plaintiff from being an active parent for his minor daughter.
>
> 3. The rights of both the parent and the child have been, and are continuing to be, violated. The Court has violated the very essence of the intent of the land's highest Court by not allowing me to enjoy the sanctity of my parental rights. The Defendant, SUSAN CANNAVO GORMLEY, is conspiring to do this, with the aid of her parents FRANK CANNAVO and CAROLYN CANNAVO, and her counsels MICHAEL A. WEINBERG, ESQ. and AMY C. GOLDSTEIN are perpetuating it; while the Court, the HON. KENNETH S. DOMZALSKI, has ignored the laws and stood in the way of my ability and privilege to have unfettered parenting time with my daughter.
>
> 4. The United States Constitution, and rulings from the highest Court in the land, have lawful devices to protect families from such horrors.
>
> 5. Defendants' actions have caused the Plaintiff to suffer both physically and emotionally.  Plaintiff alleges a violation of his constitutional rights, misrepresentation, and intentional infliction of emotional

distress.

    6. The Plaintiff has suffered severe emotional distress as a result of the harm brought on by the Defendants' recklessness and is entitled to damages. The Defendant, SUSAN CANNAVO GORMLEY, has acted intentionally and recklessly; in an extreme and outrageous manner; and her conduct is the cause of severe emotional distress. Similarly, the emotional distress that has been suffered by the Plaintiff is palpable, severe, and enduring as a result of Defendant's reckless and malicious behaviors - that have robbed me of valuable and precious time with my daughter, and which will adversely affect my emotional and physical well-being for the rest of my life.

    7. The Defendants, MICHAEL A. WEINBERG, ESQ. and AMY C. GOLDSTEIN, have breached the attorney ethics standards and Rules of Professional Conduct by encouraging the Defendant, SUSAN CANNAVO GORMLEY, to make false statements, file frivolous pleadings, and interfere with my parenting time, thereby contributing to the violation of my 14th Amendment rights.

    8. The Defendant, the HON. KENNETH S. DOMZALSKI, has ignored all the laws, refused to permit me to have unfettered parenting time with my daughter, without cause, and has thereby violated my 14th Amendment rights.

(Docket No. 1 at 1-3).

With regard to the licensed therapists involved in the family court matter, Plaintiff alleges:

    The Defendants DR. GREGORY W. JOSEPH; DR. MIRIAM HORN; and MONICA SHORE provided reports based merely on unfounded speculation and unquantified possibilities, aligning themselves with the Defendant SUSAN CANNAVO GORMLEY and simply regurgitated information spewed from her, empowering her to prevent me from being a parent to my daughter.

(Docket No. 1 at 9.)

Plaintiff has asserted three counts against all defendants: Count One – Violation of the Fourteenth Amendment; Count Two –

4

Misrepresentation; and Count Three – Intentional Infliction of Emotional Distress.

Defendants have moved to dismiss Plaintiff's claims on numerous grounds. Plaintiff has opposed Defendants' motions. The Court has reviewed all the parties' submissions, including the letters Plaintiff has submitted to the Court.

## DISCUSSION

**A. Subject matter jurisdiction**

This Court has jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

**B. Analysis**

All of Plaintiff's claims arise out of a currently pending state court divorce and custody case, which involves each of the Defendants. Plaintiff's claims are dismissible for numerous reasons, but the primary bases for the dismissal of Plaintiff's claims are two fundamental doctrines – the Rooker-Feldman doctrine and the Younger abstention doctrine.[1]

---

[1] Defendants present arguments for the dismissal of Plaintiff's claims based on sovereign immunity, absolute judicial immunity, litigation privilege immunity, and not being a state actor or person under § 1983, as well as Plaintiff's failure to state cognizable claims under the proper pleading standards. Even though these arguments might independently warrant the dismissal of Plaintiff's claims, it is unnecessary to examine them because the Court lacks subject matter jurisdiction under Rooker-Feldman, and Plaintiff's claims are otherwise barred under Younger.

5

The Rooker-Feldman doctrine, derived from the two Supreme Court cases District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983) and Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), provides that lower federal courts lack subject matter jurisdiction to engage in appellate review of state-court determinations or to evaluate constitutional claims that are inextricably intertwined with the state court's decision in a judicial proceeding.[2]  Port Authority Police Benev. Ass'n, Inc. v. Port Authority of New York and New Jersey Police Dept., 973 F.2d 169, 177 (3d Cir. 1992).  A plaintiff's claim for relief in a federal action is "inextricably intertwined" with an issue adjudicated by a state court under two circumstances: (1) when in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered, and (2) when the federal court must take action that would render the state court's judgment ineffectual. Desi's Pizza, Inc. v. City of Wilkes-Barre, 321 F.3d 411, 421 (3d Cir. 2003) (quotations, citations, and internal edits

---

[2] Several Defendants raised the Rooker-Feldman doctrine in their motions, but even if they did not, this Court has a continuing obligation to *sua sponte* raise the issue of subject matter jurisdiction, which includes the determination of whether the Rooker-Feldman doctrine applies.  Desi's Pizza, Inc. v. City of Wilkes-Barre, 321 F.3d 411, 420 (3d Cir. 2003) (citations omitted).  The Court therefore proceeds under Fed. R. Civ. P. 12(b)(1).

6

omitted).

The abstention doctrine announced in <u>Younger v. Harris</u>, 401 U.S. 37 (1971) counsels against a federal court exercising jurisdiction over a matter seeking review of a pending state court proceeding. Three requirements must be met before <u>Younger</u> abstention is appropriate: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims. <u>Marran v. Marran</u>, 376 F.3d 143, 154 (3d Cir. 2004) (citations omitted).

The required elements of both doctrines are readily met here. Plaintiff claims that the participants in his pending state court divorce and custody case – his spouse, her parents, her lawyers, the court-appointed psychologists, and the judge presiding over the matter – have all caused Plaintiff to lose time with his daughter, which has caused him severe emotional and physical distress. Plaintiff seeks money damages, as well as injunctive relief, presumably to modify the state court orders and grant him "unfettered" time with his daughter.

In order for Plaintiff to prevail on his claims, and to obtain his requested relief, this Court would have to find that the state court judge's decisions, based on the testimony of Plaintiff's spouse and her parents and the family therapists as

7

proffered by his spouse's counsel, were erroneous.  Such a finding would then render ineffectual the state court judge's orders.  This Court is precluded from making such determinations and acting as an appellate court reviewing the state court's decisions.  See In re Knapper, 407 F.3d 573, 580 (3d Cir. 2005) ("The Rooker-Feldman doctrine prevents 'inferior' federal courts from sitting as appellate courts for state court judgments."); Marran, 376 F.3d at 151 (finding that the Roooker-Feldman doctrine barred a mother's claims for money damages and injunctive relief against her child's father because to prevail on her claims would require the court to determine that the state court erred in finding that the abuse allegations were unfounded); Romanova v. Epp, 2017 WL 1907868 at *2 (D.N.J. 2017) (finding that because the plaintiff sought an order from the court reversing various orders of the state court regarding domestic violence and child custody, the court was without jurisdiction to entertain this matter pursuant to the Rooker-Feldman doctrine).

Even if subject matter jurisdiction were not lacking under Rooker-Feldman, the Court would also be compelled to abstain from hearing Plaintiff's case under Younger.  The first two prongs are clearly met.  The currently pending state court divorce and custody case is precisely the type of proceeding that implicates important interests of the state.  "[I]t is

beyond question that matters of domestic relations and child custody are quintessentially of state importance." Romanova, 2017 WL 1907868, at *2 (citing Ankenbrandt v. Richards, 504 U.S. 689, 702–04 (1992) (recognizing an exception to federal diversity jurisdiction for cases involving divorce, alimony, and child custody)); see also Brunetta v. Testa, 2010 WL 1491413, at *3 (D.N.J. 2010) ("The heart of Plaintiff's matter involves his divorce and child custody dispute. All of Plaintiff's dissatisfaction with Defendant arose from the way the judge handled his divorce and child custody proceeding. . . . Federal courts in the United States generally refrain from intervening in domestic relations cases because domestic relations are preeminently matters of state law. The proclivity of federal courts to abstain from interference in domestic relations cases shows the important state interest in keeping domestic disputes in state courts.") (citing Mansell v. Mansell, 490 U.S. 581, 587 (1989)); Dixon v. Kuhn, 257 F. App'x 553, 555 (3d Cir. 2007) (barring appeal to federal court in child support proceeding under Younger abstention); Harbour v. Grahm, 2009 WL 2488145, at *4 (D.N.J. 2009) (holding that, under Younger, plaintiff must raise constitutional challenges regarding his child custody case in state court where proceedings are ongoing)); Anthony v. Council, 316 F.3d 412, 418 (3d Cir. 2003) (noting that Younger has been applied to civil enforcement proceedings and to other

9

civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions, and that New Jersey has an overriding interest in ordering, monitoring, enforcing and modifying child support obligations).

With regard to the third element of the Younger abstention doctrine, there is no indication that Plaintiff does not have the ability to challenge the decisions of the judge presiding over the divorce and custody case in the state court, or advance his claims against the other defendants in state court. See, e.g., Anthony, 316 F.3d at 422 ("Plaintiffs have the opportunity to raise their claims in any child support hearing and to appeal adverse decisions through the state appellate system and eventually to the United States Supreme Court."); Romanova, 2017 WL 1907868 at *2 (finding that to the extent the plaintiff contended that her constitutional rights were violated by the state court, the plaintiff certainly had the opportunity to raise those issues on appeal); Brunetta, 2010 WL 1491413 at *3 (citing Pennzoil v. Texaco, 481 U.S. 1, 17 (1987)) (providing that there is a general presumption that a plaintiff can present his federal claims in the related state court proceeding unless he argues otherwise).

The Court recognizes that Plaintiff's state court divorce and child custody case has not progressed as he has wished, he

feels unjustly alienated from his daughter, and he seeks this Court's intervention to provide him compensation and ultimately the ability to have parenting time with his daughter.  Plaintiff has every opportunity to seek such relief in the state court and to pursue appellate review of any adverse rulings.  It is in that forum and through that process that Plaintiff's claims may be heard without unwarranted interference from this Court.  This Court is precluded, therefore, from providing Plaintiff with any of his requested relief.  Consequently, Plaintiff's complaint must be dismissed.

## CONCLUSION

For the reasons expressed above, Defendants' motions to dismiss Plaintiff's complaint will be granted.  An appropriate Order will be entered.

Date:  May 18, 2018           s/ Noel L. Hillman
At Camden, New Jersey         NOEL L. HILLMAN, U.S.D.J.